Catron, J.
delivered the opinion of the court. Suit was brought upon a bill single under seal, by the endorsee a-gainsi the maker, on the day the note fell due upon its face, by warrant before a justice of the peace, without allowing the days of grace. The only question is, are da^s of grace to be allowed upon notes of hand under seal?
By the act. of 1762, ch. 9, which is a copy of the British statute of Anne, promissory notes are made negotiable and put upon the footing of inland bills of exchange; and by the act of 1786, ch. 4, notes under seal, such as the one in question, are made negotiable and put upon the footing of promissory notes.
Days of grace have, in England, been allowed to attach to notes of hand, made negotiable by the 3 and 4 of Anne, the same as upon inland bills of exchange. (Chitty on bills 343;) Smith vs. Kendal, (6 Term Rep. 123;) Brown vs. Harridan, (4 Term Rep. 148.)
The rule of allowing days of grace, has prevailed in most' *239 commercial countries, upon bills of exchange, as a part of the law pertaining to negotiable paper, and has been re-cognised in this state to a great extent, particularly where notes of hand, or sealed notes, have been negotiated through the banks: these institutions adopted the law-merchant in collecting their notes, without establishing a custom of their own; which, upon a subject regulated by statute, they would not have had power to do.
If it were now to be determined, that days of grace were not allowable upon notes of hand, the banks of this state would, in every instance where interest has been received upon a note discounted, have been guilty of usury; for the uniform practice has been, to retain in advance the interest upon the note for the time it had to. run, including the three days of grace. It is believed a similar rule prevails among commercial and business-doing men, when discount-ng paper generally.
Our act of 1762, being a copy of the British statute of 3 and 4 Anne, and that country being highly commercial, the English books of reports, and treatises upon commercial law, were naturally resorted to by our courts for a construction of the statute; particularly Chitty’s deservedly popular treatise on bills of exchange and promissory notes, which has been recognised as good authority in the inferior courts of this state since 1819, upon the subject of days of grace, as well as most others treated of by the author. The merchants and banks of the country, have been governed by the rules there laid down, and which rules, courts and counsel have found supported upon the point now under consideration, by the reported decisions of the British courts, without an exception, for half a century, as will be seen by the cause of Brown vs. Harridon, in (4 Term Rep.;) since the determination of which, and that of Smith vs. Kendal (6 Term Reports,) decided in 1794, the rule has been perfectly settled in England, that the privilege of days of grace is extended to promissory notes, and that they are on the same footing in this respect with inland bills of exchange. It is believed the same rule has been adopted in all our sister states, where the statute of Anne is in forcei,- except in *240 North Carolina, where, in a cause decided in 1824, Jarvis vs. M‘Main and Simmons, (3 Hawks. Rep. 10,) the rule is laid down differently by two of the judges, the chief justice dissenting. However highly we may respect the adjudications of that state generally, we think, in the present instance, the authority of the decision of Jarvis vs. M‘Main and Simmons, should not be followed by this court; but that we should recognise the doctrine laid down by this court in Broddie vs. Searcy, (Peck’s Rep. 183,) as the law of this state, where it is declared, that the privilege of days of grace attaches to notes of hand.
Judgment reversed.